

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Ben F. Thorpe
County Attorney
Scurry County
Snyder, Texas

Dear Sir:

Opinion No. O-3340

Re: May a County Judge legally re-
ceive a petition for the name
of a school trustee to be placed
on the ballot for an election to
be held April 5, when the peti-
tion is filled March 26th, under
Article 2746-a?

We have received by telegram your request dated March 26, 1941, for an opinion from this department which request has been considered. We quote from your telegram:

"ADVISE BY WESTERN UNION IF COUNTY JUDGE CAN LEGALLY RECEIVE PETITION FOR NAME OF SCHOOL TRUSTEE TO BE PLACED ON BALLOT FOR ELECTION APRIL 5TH PETI- TION FILED MARCH 26TH UNDER ARTICLE 2746A PETITION OTHERWISE LEGAL."

Article 2746-a, Revised Civil Statutes, reads as follows:

Any person desiring to have his name placed on said official ballot, as a candidate for the office of trustee of a common school district as herein provided shall, at least ten days before said election, file a written request with the county judge of the county in which said district is located, requesting that his name be placed on the official ballot, and no candidate shall have his name printed on said ballot unless he has complied with the provisions of this Act; provided that five or more resident qualified voters in the district may request that certain names be printed. The county judge, upon receipt of such written re- quest, and at least five days before the election, shall have the ballots printed as provided in this Act, placing on the ballot the name of each candi- date who has complied with the terms of this Act,

and deliver a sufficient number of printed bal-
lots and amount of supplies necessary for such
election to the presiding officer of the elec-
tion at least one day before said election is
to be held, said election supplies, ballots, box-
es, and tally sheets to be delivered by the county
judge by mail or in any other manner by him deem-
ed best, to the presiding officer of said election
in sealed envelope which shall not be opened by
the election officer until the day of the election."

Forty-one, Texas Jurisprudence, page 344, the fol-
lowing rule with reference to the computation of time is
given:

"In the computation of time, technical con-
struction of particular phrases are disregarded
and the effect is given to the intention of the
parties as ascertained from the context or sub-
ject matter. Statutes regulating the general sub-
ject of notice are construed, as regards the com-
putation of time, most liberally in favor of the
party who is to be affected by the notice."

On page 345 the following rule is announced:

"In computing time before or after a specified
date, day, act or event, the general rule is that
either the day on which the period began or the
day on which it expired must be included and the
other excluded, it being improper to include or ex-
clude both . . . . Much depends upon the facts of
the particular case, for courts will always adopt
that construction which will uphold and enforce
rather than destroy, bona fide transactions and
titles."

This rule is supported in the cases cited in Words
and Phrases, Vol. 4, pp. 677, 678.

We can see nothing in the statutory provisions of
Article 2746-a, supra, that would indicate that the general
rules given above are not applicable to the question sub-
mitted by you.

In construing the general rule and applying the
same to your proposition we believe that the proper way to
calculate the time is to include the date of filing, to-wit,
March 26th, and to exclude the day of election which is
April 5th. In this manner we believe that the petition has

been filed within the ten-day period provided for in the statute, and that the County Judge may properly receive and file said petition and proceed to have the name of the candidate printed upon the official ballot.

We have not had an opportunity to examine the petition inquired about in your telegram. This opinion is written upon the assumption, given in your telegram, that the petition is in the form required by law.

We trust that we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Harold McCracken
Harold McCracken
Assistant

HM:ej:wc

APPROVED MARCH 27, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman